UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT ANCIRA** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO.:** |
| **CITY OF NEW ORLEANS** | **SECTION:** |
| | **MAGISTRATE**: |

**PETITION FOR DECLARATORY JUDGMENT AND FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes, Plaintiff Robert Ancira, a full age resident of the Parish of Orleans, State of Louisiana, which Plaintiff brings Petition against the City of New Orleans. Plaintiff respectfully avers as follows, to-wit:

1.

The Jurisdiction of this Court arises under 28 U.S.C. Sec. 1331 (Federal Question Jurisdiction) and pursuant to 28 U. S. C. 1367 (Supplemental Jurisdiction for pendent state law claims.)

2.

Venue is proper in this Court in that this action involves a Federal Question.

1

3.

Venue is also proper in that the defendant, City of New Orleans, is the location wherein all substantive events related to these proceedings occurred.

## PARTIES

4.

Plaintiff, Robert Ancira, is a full age resident of the Parish of Orleans, State of Louisiana, domiciled at 2110 General Pershing, New Orleans, Louisiana 70115.

5.

Made Defendant is the City of New Orleans, a political subdivision of the State of Louisiana, being co-terminus with the Parish of Orleans, State of Louisiana.

## FACTUAL BACKGROUND

6.

Plaintiff, Robert Ancira, owns real property in the City of New Orleans, Parish of Orleans, bearing the municipal number 1323 Amelia Street, New Orleans, Louisiana.

7.

The zoning attributable to the subject property was at the time of acquisition,

Medical Services District.

8.

The zoning above referred to allowed the subject property to be used for the following purposes: Medical Services:

a. Any use permitted in the RM-2 Multiple-Family Residential District.
b. Hospitals.
c. Clinics.
d. Office of physicians, surgeons, dentists, psychiatrists, physiotherapists, or practitioners in related specialties.
e. Parking lots.
f. Parking garages.
g. Pharmacies, drug stores, beauty parlors, barber shops, banks, flower shops, and retail shops dispensing medical or surgical supplies.
h. Standard or cafeteria restaurants but not drive-in or fast food restaurants.
i. Tourist homes.
j. Dormitories.
k. Hotels and motels containing not more than 100 rooms.
l. Medical educations buildings when on a site of two acres, or one city square whichever is the lesser.
m. Public or private elementary, junior or senior high schools.
n. Child or adult day care centers.
o. Residential care center.

9.

The Defendant City of New Orleans passed a new Comprehensive Zoning Ordinance wherein the zoning of the subject property was changed from Medical Services District to RD-2, meaning the subject property could no longer be used for the purposes set forth in paragraph eight above.

10.

No pre-adoption or post-adoption due process notice of the zoning change of the subject property was provided to the Plaintiff herein.

11.

Plaintiff only became aware of the zoning change when applying for a permit to use the property in a manner allowed under the prior zoning but denied under the new Comprehensive Zoning Ordinance.

12.

Plaintiff attempted to have Medical Services Zoning use of the subject property approved by the Defendant, City of New Orleans, to no avail.

13.

On information and belief, the Orleans Parish Assessor has assessed the subject property continually and the Defendant, City of New Orleans, has continually charged taxes on the subject property based on its higher value in that the Medical Services District zoning suggested would allow substantial commercial use of said property.

14.

Defendant, City of New Orleans failed to provide Plaintiff, Robert Ancira, with either timely or untimely due process notice as to the change of zoning and subsequent restriction of use of the subject property from the allowable usage at the time Plaintiff acquired the subject property as suggested in paragraph 8 above to the more restrictive use allowed under the new Comprehensive Zoning Ordinance.

15.

Plaintiff has exhausted any possible City of New Orleans administrative remedies to no avail in attempting to have the allowable use of the property remain under Medical Services District zoning.

## **COUNT ONE**

16.

Plaintiff is entitled to have the subject property revert to the Medical Services District zoning in that Plaintiff has never received due process notice of, as opposed to the RD-2 zoning of the property under the new Comprehensive

Zoning Ordinance without due process notice to Plaintiff to allow itself the availability of action to protect its interests.

17.

Plaintiff is entitled to a refund of all taxes, interest and, penalties reasonable in the premises charged based on the value of the property with Medical Service District zoning as opposed to its lower value with RD-2 zoning.

## COUNT TWO

18.

Plaintiff is entitled to a declaratory judgement that the zoning of the subject property shall revert to Medical Service District in that the zoning could not lawfully change without due process notice and the right to be heard in opposition being provided to Plaintiff.

19.

There is no remedy outside of this Untied States District Court to gain redress for the complained of zoning change without due process notice having first been provided, which such action amounts to a "taking" by the Defendant, City of New Orleans, without due process notice.

## COUNT THREE

20.

Plaintiff, Robert Ancira, is entitled to recover from Defendant, City of New Orleans, all amounts paid beyond what would be due in taxes on the subject property based on the tax bill on the subject property not being adjusted to reflect the lower value of the property under the more restrictive zoning the Defendant, City of New Orleans, has now placed against the subject property.

## COUNT FOUR

21.

Plaintiff, Robert Ancira, is entitled to damages reasonable in the premises against Defendant, City of New Orleans, for the difference between the value of the subject property with Medical Services District Zoning as opposed to the value of the same property with RD-2 zoning.

## COUNT FIVE

22.

Plaintiff, Robert Ancira, is entitled to a declaratory zoning judgment that the zoning on the subject property is, in fact, Medical Services District, the zoning Plaintiff was last made aware of via due process notice.

Plaintiff, Robert Ancira, prays for all specific, general and equitable relief sought herein that is available through this Court in addition to the specific requests for relief herein contained.

                    Respectfully submitted,
                    /s/ ERIC OLIVER PERSON
                    ERIC OLIVER PERSON, BAR NO. 10530
                    1539 Jackson Avenue, Suite 100
                    New Orleans, Louisiana 70130
                    Telephone: (504) 561-8612
                    Facsimile: (504) 561-8615
                    E-mail: eric@eoplaw.net
                    Attorney for Petitioner

The City of New Orleans
Through the City Attorney
1300 Perdido Street
City Hall, 5th Floor
New Orleans, Louisiana 70112